UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATHANIEL LEE JONES,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal Action No. TDC-14-0475
Civil Action No. TDC-19-1584

## MEMORANDUM OPINION

Petitioner Nathaniel Lee Jones, a federal inmate currently confined at the Federal Correctional Institution Cumberland, in Cumberland, Maryland, has filed a Motion to Vacate, Correct, or Set Aside the Sentence pursuant to 28 U.S.C. § 2255. In his Motion, Jones challenges his conviction in the underlying criminal action on the basis of ineffective assistance of counsel and seeks an evidentiary hearing on the issue. The Government opposes the Motion. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be DENIED.

## BACKGROUND

Relevant factual and procedural background of this case is set forth in this Court's prior Memorandum Opinion denying Jones's Motion to Withdraw the Guilty Plea. *United States v. Jones*, No. TDC-14-0475, 2017 WL 57778, at *1-3 (D. Md. Jan. 4, 2017), *aff'd*, 717 F. App'x 228 (4th Cir. 2018). Additional facts and procedural history relevant to Jones's pending Motion are set forth below as necessary.

On April 14, 2015, Jones was charged in a two-count Superseding Information with (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012) (Count 1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012) (Count 2). On September 18, 2015, the Court held a guilty plea hearing pursuant to Federal Rule of Criminal Procedure 11 and opened the hearing by inquiring whether Jones was satisfied with the representation of his defense counsel, Teresa Whalen. In response to the Court's question whether Jones was "fully satisfied with your attorney's advice, representation and counsel in this case," Jones responded, "Yes." 9/18/15 Tr. at 6, ECF No. 88. The Court then informed Jones of the two pending counts in the Superseding Information and asked Jones if he had "fully discussed these charges and the case in general" with Whalen, to which Jones answered, "Yes." *Id.* The Court asked Jones if he had read and discussed the plea agreement with Whalen, to which Jones responded, "Yes." *Id.* at 13. Jones also answered, "Yes" to the Court's question whether he understood the terms of the plea agreement. *Id.* At the Court's request, the Government summarized certain plea agreement terms relating to United States Sentencing Guidelines ("the Guidelines"), including the parties' agreement that there would be a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because a firearm was possessed, that the drug quantity was between 5 and 15 kilograms of cocaine, and that based on his prior convictions he qualified as a career offender under U.S.S.G. § 4B1.1(a). When asked if he understood "how the plea agreement that you have agreed to calculates the guidelines," Jones responded, "Yes." 9/18/15 Tr. at 20. After reviewing paragraph 20 of the plea agreement, which provides that "there are no other agreements, promises, undertakings or understandings" between the parties other than the plea agreement, the Court asked Jones if anyone had "made any promises or assurances not contained in the plea agreement

to persuade you to accept the plea agreement or to plead guilty," to which Jones answered, "No." *Id.* at 23. After the Government recited the Statement of Facts summarizing the conduct underlying the conviction, and Jones acknowledged that he fully understood the proceedings, Jones pleaded guilty to both counts of the Superseding Information.

On July 18, 2016, Jones filed a Motion to Withdraw the Guilty Plea in which he asserted that his attorneys had not reviewed with him the discovery materials provided by the Government and also claimed that he had pleaded guilty in reliance on a statement by Whalen that if he pleaded guilty, she would negotiate with the Government to eliminate the mandatory minimum 10-year sentence, such that his sentencing range would be 7 to 9 years. On December 2, 2016, the Court held an evidentiary hearing at which Jones testified. As relevant here, the Court found that based on the testimony at the hearing, it had "strong reason to doubt the validity of Jones's complaints about counsel" and rejected Jones's claim that his guilty plea was not knowing and voluntary because it was made in reliance on Whalen's alleged assertion that she would negotiate a sentence for him below the 10-year mandatory minimum. *Jones*, 2017 WL 57778, at *6. The Court noted that such an argument was flatly contradicted by Jones's statement during the Rule 11 colloquy that he had "received no promises or assurances not contained in the plea agreement that persuaded him to plead guilty." *Id.* at *5. The Court also emphasized Jones's statements at the guilty plea hearing that he had read and understood the plea agreement and that he was satisfied with Whalen's legal representation. *Id.* at *7. At no point during the hearing did Jones reference any other promises, assurances, or representations by Whalen on which he relied, including representations about the dismissal of Count 2, the applicable sentencing guideline enhancements, or career offender status.

**DISCUSSION**

In his Motion, Jones asserts that before he entered his guilty plea, his trial counsel told him that if he pleaded guilty to the drug conspiracy charge in Count 1 and stipulated to the drug amount, the felon-in-possession charge in Count 2 would be dismissed, that there would be no firearm enhancement on the drug conspiracy charge, and that a lesser drug quantity would be attributed to him. Jones thus asserts that his guilty plea was induced by false promises or assurances by his trial counsel. Jones does not identify which of his six prior attorneys made these statements, but based on the substance of his allegations, the Court presumes his allegations relate to Jones's representation by Whalen, who represented him at the guilty plea hearing.

## I.     Legal Standards

### A.     Section 2255 Motions

A prisoner in federal custody may move to vacate, set aside, or correct his sentence on the basis that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2018). The prisoner bears the burden of proof and must establish the claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). A hearing is necessary where there are material disputed facts or where the court must make a credibility determination in order to resolve the motion. *See United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000). "If it plainly appears from the motion

4

and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A court should give sworn statements made in a guilty plea colloquy under Federal Rule of Criminal Procedure 11 a "strong presumption of verity," and "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations omitted). Therefore, a court may, "without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements" made during a Rule 11 guilty plea colloquy in the absence of extraordinary circumstances. *Id.* at 221–22. Where, as set forth below, Jones's allegations underlying his ineffective assistance of counsel claim are contradicted by statements at the guilty plea hearing, such that the Court may resolve the Motion on the present record, the Court declines to hold an evidentiary hearing.

**B.      Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution affords a criminal defendant the right to "Assistance of Counsel." U.S. Const. amend. VI. The United States Supreme Court has stated that "assistance which is ineffective in preserving fairness [of a trial] does not meet the constitutional mandate." *Mickens v. Taylor*, 535 U.S. 162, 166 (2002). A petitioner alleging ineffective assistance of counsel in violation of the Sixth Amendment must meet the standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this standard, the petitioner must show both deficient performance and prejudice—that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

5

Sixth Amendment," *id.* at 687, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. The *Strickland* test applies when the petitioner alleges ineffective assistance in the context of a guilty plea. *Missouri v. Frye*, 566 U.S. 134, 140 (2012).

When evaluating an attorney's performance and decisions, the court "must be highly deferential" and avoid hindsight. *Strickland*, 466 U.S. at 689, 691. To meet the prejudice requirement when the petitioner has pleaded guilty, as Jones has here, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Even if an attorney performed deficiently in advising a client, the "defendant may be unable to show prejudice if at the Rule 11 proceeding the district court provides an admonishment that corrects the misadvice and the defendant expresses that he understands the admonishment." *United States v. Akinsade*, 686 F.3d 248, 253 (4th Cir. 2012); *see United States v. Swaby*, 855 F.3d 233, 240 (4th Cir. 2017).

## II.    Statements by Counsel

Applying these standards here, the Court finds no merit in Jones's claim of ineffective assistance of counsel. Jones's claim is based on his allegation that his counsel made certain promises and representations to him to induce him to plead guilty, including that if he pleaded guilty, the felon-in-possession charge would be dismissed, there would be no firearm enhancement under the Guidelines, and the drug quantity would be lower. He also stated that he was not informed that he would be sentenced as a career offender under the Guidelines and that he received no benefit from the plea agreement. These assertions, however, are squarely contradicted by the plea agreement and the Court's colloquy with Jones at the guilty plea hearing.

The plea agreement specifically states that Jones would plead guilty to both Counts 1 and 2, that there would be a two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1), that the drug quantity would be 5 to 15 kilograms of cocaine, and that Jones qualified as a career offender under U.S.S.G. § 4B1.1(a) and would be subject to a base offense level of 37.  Plea Agreement ¶¶ 2, 6, ECF No. 67.  The plea agreement also states that "there are no other agreements, promises, undertakings, or understandings between the Defendant and [the U.S. Attorney's Office] other than those set forth" in the plea agreement.  *Id.* ¶ 20.  In signing the plea agreement, Jones attested that:

> I have read this agreement, including the Sealed Supplement, and carefully reviewed every part with my attorney.  I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

*Id.* at 8.

In denying Jones's Motion to Withdraw the Guilty Plea, the Court has already found that Jones's guilty plea was given knowingly and voluntarily.  *Jones*, 2017 WL 57778, at \*5.  At the guilty plea hearing, the Court expressly asked Jones if he was satisfied with his counsel's advice, representation, and counsel in the case, and Jones answered, "Yes."  9/18/15 Tr. at 6.  The Court also asked Jones to confirm that he had signed the plea agreement, had read and discussed it with his attorney, and understood its terms.  At the Court's request, the Government recited certain terms of the plea agreement, including the fact that the parties had agreed that there would be a two-level enhancement because a firearm was possessed, that the drug quantity was between 5 and 15 kilograms of cocaine, and that based on his prior convictions, Jones qualified as a career offender.  When asked if he understood "how the plea agreement that you have agreed to calculates the guidelines," Jones responded, "Yes."  *Id.* at 20.

7

The Court also specifically informed Jones that paragraph 20 of the plea agreement states that "the plea agreement is the full and agreement or understanding that you have with the Government," and asked him, "Is that correct? Is this plea agreement the entirety of your agreement with the Government?," to which Jones responded, "Yes." *Id.* at 23. Most importantly, the Court asked Jones:

> THE COURT: So has anyone made any promises or assurances not contained in the plea agreement to persuade you to accept the plea agreement or to plead guilty?
>
> THE DEFENDANT: No.

*Id.* at 23. This statement, made under oath, directly contradicts Jones's present claim that he pleaded guilty in reliance on oral assurances by Whalen.

Notably, Jones made these statements against a backdrop of having discharged three prior attorneys and having, little more than a week before, written to the Court about his dissatisfaction with Whalen. Where Jones had a long history of voicing complaints about counsel, his unequivocal assertion during the guilty plea colloquy that he was satisfied with Whalen's representation warrants a "strong presumption of verity," and his belated complaints of ineffectiveness ring "palpably incredible and patently false." *Lemaster*, 403 F.3d at 221.

Thus, both the plea agreement and Jones's statements at the plea colloquy flatly contradict Jones's claims that he relied on representations by his counsel that if he pleaded guilty, the felon-in-possession charge in Count 2 would be dismissed, there would be no firearm enhancement, and the drug quantity would be lowered, as well as his claim that he did not understand that he would be sentenced as a career offender. Because the Motion "necessarily relies on allegations that contradict the sworn statements" made during the guilty plea colloquy, the Motion fails. *See id.* at 221-22.

Further, although Jones also argues that the plea agreement provided him with no tangible benefit, this claim is contradicted by the face of the plea agreement, in which Government agreed not to oppose the two-level reduction for acceptance of responsibility and also to file a motion to allow for an additional one-level reduction for acceptance of responsibility. Plea Agreement ¶ 6(e). The fact that, in the end, the Court imposed a sentence below the applicable Guidelines range does not alter the fact that the plea agreement provided some benefit to him.

Finally, the Court notes that, in denying the Motion to Withdraw the Guilty Plea, it already considered and rejected, based on the terms of the plea agreement and the guilty plea colloquy, a similar claim that Jones pleaded guilty based on a different alleged oral representation by Whalen. *See Jones*, 2017 WL 57778, at \*5. Where the Court has already once before addressed the question of whether Jones was improperly induced to plead guilty by oral assurances by his counsel, and Jones now advances the same type of claim under the guise of ineffective assistance of counsel based on different alleged promises by his counsel of which he made no mention in his testimony on the Motion to Withdraw the Guilty Plea, this effort to effectively relitigate this issue must fail. *See United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (emphasizing that it is "well settled" that litigants "cannot circumvent a proper ruling on direct appeal by re-raising the same challenge in a § 2255 motion") (citation omitted). The Motion will be denied.

## III.   Certificate of Appealability

Jones has no absolute entitlement to appeal a district court's denial of the § 2255 Motion. *See* 28 U.S.C. § 2253(c)(1)(B). To appeal this Court's denial of the § 2255 Motion, Jones must obtain a certificate of appealability ("COA"). *Id.* A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court reaches the merits of a § 2255 motion, a petitioner must demonstrate that reasonable

9

jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because Jones has made no such showing, this Court will not issue a COA.  Jones may still seek a COA from the United States Court of Appeals for the Fourth Circuit.  *See* Fed. R. App. P. 22(b)(1) (stating that if a district judge denies a COA, a petitioner "may request a circuit judge to issue it").

## CONCLUSION

For the foregoing reasons, Jones's § 2255 Motion will be DENIED.  The Court declines to issue a certificate of appealability.  A separate Order shall issue.

Date:  April 14, 2021

THEODORE D. CHUANG
United States District Judge

10